

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 28, 1967

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Dear Dr. Edgar:

Opinion No. M-136

Re: Whether S.B. 94, 60th Legis-
lature (Article 6252-17,
Vernon's Civil Statutes) re-
quires open meetings of the
State Textbook Committee, au-
thorized under Article 2654-4,
Vernon's Civil Statutes.

Your letter of August 16, 1967, requesting the opinion
of this office on the above-stated question reads, in part, as
follows:

"Effective May 23, 1967, was adopted Senate
Bill No. 94 of the 60th Legislature (Article
6252-17). It prohibits the holding of closed
meetings by any 'governmental body', therein de-
fined to include 'any board, commission, depart-
ment or agency within the executive department
of the state, which is under the direction of
three or more elected or appointed members . . .'

"Since the primary function of the State
Textbook Committee following careful examination
of textbooks offered for adoption is, simply, to
recommend to the State Commissioner a complete
list of textbooks which such Committee approves
for adoption at the various grade levels and in
the various school subjects (the authority to
adopt textbooks being reposed in the State Board
of Education), there is concern as to whether
Senate Bill 94 was intended or should be con-
strued as having application to any such com-
mittee which performs in a recommendation and/or
report capacity only. . . ."

- 630 -

Senate Bill 94, Acts 60th Legislature, R.S., 1967, Ch. 271, p. 597 (codified as Article 6252-17, Vernon's Civil Statutes) prohibits governmental bodies from holding meetings which are closed to the public. Section 1 of the above Act reads as follows:

"Section 1. (a) Except as otherwise provided in this Act, every regular, special, or called meeting or session of every governmental body shall be open to the public.

"(b) A 'governmental body,' within the meaning of this Act, is any board, commission, department, or agency within the executive department of the state, which is under the direction of three or more elected or appointed members; and every Commissioners Court and city council in the state, and every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city; and the board of trustees of every school district, and every county board of school trustees and county board of education; and the governing board of every special district heretofore or hereafter created by law." (Emphasis added.)

Article 2654-4, Vernon's Civil Statutes, created a State Textbook Committee to replace a textbook committee created by S.B. 148, Acts 40th Leg., R.S., 1945, Ch. 144, p. 189 (codified as Article 2675b-5, Vernon's Civil Statutes).

Note that subdivision (e) of Article 2675b-5, Vernon's Civil Statutes, abolished the State Textbook Commission and transferred its duties and responsibilities to the State Board of Education.

Section 5 of Article 2654-4, Vernon's Civil Statutes, sets forth the duties and responsibilities of the State Textbook Committee as follows:

"Sec. 5. It shall be the duty of the Textbook Committee to recommend to the Commissioner a

complete list of textbooks which it approves for adoption at the various grade levels and in the various school subjects. It shall examine carefully all books submitted for adoption and shall prepare and publish for free distribution a list of its recommendations to the State Commissioner. The State Commissioner may remove books from such recommended list, but he shall not place thereon any book not recommended by the Committee nor shall he reduce to a single adoption any list for a specific grade or subject in which multiple adoption is recommended by the Committee.

"The State Commissioner of Education, pursuant to the provisions in the foregoing paragraph, shall submit to the State Board of Education the recommended list of contracts to be awarded each year. The State Board of Education may remove books from such recommended list, but the Board shall not place thereon any book not recommended by the State Commissioner, nor shall the Board reduce to a single adoption any list for a specific grade or subject in which multiple adoption is recommended by the State Commissioner. Said contracts shall be entered into by the Board of Education." (Emphasis added.)

Particular reference is made to the hereinbefore quoted definition of "governmental body" and the inclusion therein of "any . . . agency within the executive department of the state, which is under the direction of three or more elected or appointed members."

Webster's New International Dictionary, Second Edition, defines "agency" as "Faculty or state of acting or exerting power, action, instrumentation." Black's Law Dictionary, 4th Edition, defines the term "governmental agency" to be "a subordinate creature of the sovereign created to carry out a governmental function."

The Textbook Committee is charged with the duty of

recommending to the State Commissioner of Education a list of textbooks and no book may be accepted for use in the schools unless and until it is approved and put on such list by this committee.

The exclusion of a book from use in our schools is a major and an important decision and constitutes the exercise of a governmental function by this body, whether it be called a board, commission, agency or committee.

The Textbook Committee meets the requirement of being an agency within the executive department under the direction of three or more elected or appointed members and it is the opinion of this office that the inclusion of such committee within the category defined as a "governmental body" is in line with the expressed spirit and intent of the Act.

It is, therefore, the opinion of this office that Senate Bill No. 94, Acts of the 60th Legislature, Regular Session, 1967, Ch. 271, p. 597 (codified as Article 6252-17, Vernon's Civil Statutes) requires open meetings of the State Textbook Committee authorized under Article 2654-4, Vernon's Civil Statutes.

## S U M M A R Y

Senate Bill No. 94, Acts of the 60th Legislature, Regular Session, 1967, Ch. 271, p. 597 (codified as Article 6252-17, Vernon's Civil Statutes) requires open meetings of the State Textbook Committee authorized under Article 2654-4, Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harold G. Kennedy
Assistant Attorney General

Dr. J. W. Edgar, page 5 (M-136)


APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Jack Sparks
Houghton Brownlee
W. V. Geppert

A. J. CARUBBI, JR.
Staff Legal Assistant